THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSH FLEMING, # S08503, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:23-cv-00197-GCS |
| | ) |
| ROB JEFFERIES, | ) |
| DARREN GALLOWAY, and | ) |
| WARDEN WALKER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Josh Fleming is an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center ("Shawnee"). He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He claims that Defendants failed to follow his medical permit to assign him a cellmate because he has seizures. Plaintiff then suffered serious injury when he had a seizure in his cell alone. (Doc. 1).

Plaintiff's Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges that on June 9, 2022, the doctor[2] at Shawnee gave him a medical permit to have a cellmate because he has seizures; but as of the time this case was filed, no cellmate had ever been assigned to him. (Doc. 1, p. 6, 9). Plaintiff believes officials refused to give him a cellmate because he is gay. (Doc. 1, p. 5). He wrote more than 20 grievances over the matter, some of which were deemed an emergency by the Chief Administrative Officer ("CAO"), but nothing was done. (Doc. 1, p. 4).

On August 7, 2022, Plaintiff had a seizure at about 3:00-4:00 a.m. He came out of the seizure to find he had a cut on his leg and blood was all over his cell. The cut became infected with MRSA, and the infection spread to the "hardware" in Plaintiff's right side that had been placed some time earlier. The infection also spread to Plaintiff's bloodstream, and he almost died. He underwent emergency surgery at St. Louis University hospital. Doctors there informed Plaintiff that because the infection had been neglected for so long, they had to scrape bacteria off his bone; they also considered amputating his right leg.

Plaintiff had sought care through nurse sick call several times for his leg injury.[3]

---

[2] The permit was signed by Dr. Caldwell. (Doc. 1, p. 9).

[3] It appears that these efforts to obtain medical care occurred before Plaintiff was taken to the hospital for surgery, but the Complaint is not clear on the timing.

The prison doctor had seen the "huge abscess" on Plaintiff's ankle, but only gave Plaintiff hydrocortisone for it. Plaintiff was kept overnight for observation in Health Care where he was screaming in pain because he could "literally feel the MRSA eating [his] flesh and the osteomyelitis eating [his] bone. Plaintiff begged the nurses for help, but they did nothing.

Plaintiff seeks monetary damages. (Doc. 1, p. 8).

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:   Eighth Amendment deliberate indifference claim against all Defendants for failing to follow Plaintiff's medical permit to assign him a cellmate because of his seizure disorder.

Count 2:   Eighth Amendment deliberate indifference claim for prison medical providers' failure to treat Plaintiff's serious leg infection or the associated pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

## Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition

---

[4] *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Deliberate indifference is demonstrated where a prison official acted or failed to act despite his/her knowledge of a serious risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Additionally, "deliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

In this case, Plaintiff's seizure disorder is an objectively serious medical condition, which prompted his physician to issue the medical permit for Plaintiff to have a cellmate. However, rather than follow the doctor's orders, Shawnee officials failed to assign Plaintiff a cellmate. Plaintiff names Defendant Galloway (the #1 Warden) and Defendant Walker (#3 Assistant Warden) in association with his claims, and it appears that one or both of them may have been responsible for compliance with the medical permit. Additionally, Warden Galloway would have been informed of the matter via Plaintiff's emergency grievances. At this early stage, the allegations in the Complaint are sufficient for Plaintiff to proceed on the deliberate indifference claim in Count 1 against Galloway and Walker.

However, IDOC Director Jefferies will be dismissed from this claim and from the action. Plaintiff's factual allegations do not demonstrate that Jefferies was aware of

Plaintiff's medical condition or permit. There are also no allegations that Jefferies had any involvement in the assignment of inmates to cells in Shawnee. He cannot be held liable merely because he had supervisory authority over the other Defendants, because there is no supervisory liability in a federal civil rights action. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "[A] defendant must be 'personally responsible for the deprivation of a constitutional right'" before liability may attach. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez*, 251 F.3d at 651).

**Count 2**

Plaintiff may have a viable Eighth Amendment claim for deliberate indifference to serious medical needs against the nurses and doctor who delayed treating his leg infection and failed to treat his pain. However, simple medical negligence or even malpractice does not violate the Constitution. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville*, 266 F.3d at 734.

This claim cannot go forward on the present Complaint because Plaintiff has not named any of his prison medical providers as Defendants in this action. And as noted above, Defendants Galloway, Walker, and Jefferies cannot be held liable for the misconduct of the medical staff merely because they may have supervised the doctor and nurses. For this reason, Count 2 will be dismissed without prejudice.

If Plaintiff wishes to pursue this claim, he must submit an amended complaint that identifies the individual medical providers by name, lists them as Defendants, and describes what they did or failed to do regarding his medical condition. The amended complaint must also include the allegations supporting Count 1 and the associated

Defendants.

Plaintiff is advised that an amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. An amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with his amended complaint. Any amended complaint is subject to review under 28 U.S.C. § 1915A.

If Plaintiff decides to file an amended complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-197-GCS)**. Plaintiff should identify each defendant in the case caption and include sufficient factual allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. *See, e.g.*, *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (noting that a successful complaint generally alleges "the who, what, when, where, and how . . . ."). As much as possible, Plaintiff should include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant and their involvement in the alleged unconstitutional

conduct (for example, John Doe did X and Jane Doe did Y).[5]

Count 2 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## PENDING MOTION

Plaintiff's motion for appointment of counsel (Doc. 8) is **DENIED** without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *See Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The first prong of the analysis is a threshold question. If a plaintiff has not made a reasonable attempt to obtain counsel on his own, the court should deny the request. *Id.* at 655.

Plaintiff states that his family has contacted more than 20 lawyers seeking representation. However, he did not include any letters to attorneys or their responses to requests for representation. (Doc. 3). Therefore, the Court cannot conclude that Plaintiff has satisfied the first *Pruitt* requirement.

As to the second inquiry, Plaintiff states that he has completed some high school and has no experience in law. (Doc. 3). Nonetheless, the Complaint and attached

---

[5] Federal Rule of Civil Procedure 15 governs amendments. Rule 15(a)(1) permits a plaintiff to amend his pleading once as a matter of course within 21 days after service of the pleading, or within 21 days after service of a responsive pleading.

documents reflect that Plaintiff is articulate and capable of stating the relevant facts and his legal claims. If Plaintiff decides to submit an amended complaint, all that he must do is to include the appropriate defendants and add factual content supporting his claims. Plaintiff alone has knowledge of these facts, and no special training is required to set them down on paper. Further, Plaintiff is not currently facing any motions or deadlines requiring legal research or discovery. Accordingly, the recruitment of counsel is not warranted at this time. If Plaintiff encounters difficulties in self-representation as this case proceeds, he may refile his motion seeking recruitment of counsel. If he chooses to renew his request, he should submit rejection letters from at least three attorneys to demonstrate that he has made reasonable efforts to obtain counsel on his own.

## DISPOSITION

The Complaint states a colorable claim in Count 1 against Defendants Galloway and Walker. Count 2 and Rob Jefferies are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Darren Galloway and Warden Walker: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized

by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health

Insurance Portability and Accountability Act. The Clerk is further **DIRECTED** to send Plaintiff a blank civil rights complaint form, to assist him if he decides to file an amended complaint.

**IT IS SO ORDERED.**

**DATED:   July 19, 2023.**

Digitally signed by Judge Sison
Date: 2023.07.19 11:45:17 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.