UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSH FLEMING, | ) |
|             Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:23-cv-00197-GCS |
| DARREN GALLOWAY and WARDEN WALKER, | ) ) ) ) ) |
|             Defendants. | ) ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On September 19, 2023, the Court issued a Notice of Impending Dismissal (Doc. 21).[1] The Notice directed Plaintiff to provide the Court with his current address on or before October 10, 2023, and warned Plaintiff that the failure to do so may result in the dismissal of his case with prejudice for want of prosecution. *Id*. As of this date, Plaintiff has not responded to the Notice of Impending Dismissal. The Court notes that Plaintiff was warned at the outset of this case and in subsequent Orders that he must notify the Clerk of the Court of any address change within 7 days, and that this case could be dismissed for failure to do so. (Doc. 2, 6, 10). Additionally, on October 2, 2023, documents

---

[1] On August 30, 2023, the Clerk of the Court received a communication from the Shawnee Correctional Center librarian that Plaintiff had been released on parole/supervised release.

20 and 21 were retuned in the mail to the Court as undeliverable to Plaintiff. (Doc. 22).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-733 (7th Cir. 2013)). The Seventh Circuit has suggested that in addition to warning the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id*. (citing *Kruger v. Apfel*, 214 F.3d 784, 786-787 (7th Cir. 2000)).

The record is clear that Plaintiff has failed to participate since his release from prison and that Plaintiff has not responded to the Court's Notice of Impending Dismissal dated September 19, 2023. (Doc. 29). The Court has approximately 127 cases on its docket, and if the Court permits this case to drag on further waiting for Plaintiff to respond, it will detrimentally impact the efficient and timely handling of its other cases. Accordingly, the Court **DISMISSES with prejudice** this action pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The

case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: October 16, 2023.**

Digitally signed by Judge Sison
Date: 2023.10.16 11:36:41 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**